In the Matter of the Estate of EMILIE ZINN, Deceased.

Surrogate's Court, Queens County, July 6, 1942.

*Carl S. Heidenreich*, for George F. Zinn and Bernhard H. Zinn, as executors, etc.

*Burke & Maher*, for Emilie Zinn May, objecting legatee.

*Topken & Farley*, for Carlos A. Hepp, attorney in fact.

*Joseph S. Moore*, special guardian.

HETHERINGTON, S.   Under subdivision 7 of section 262 of the Surrogate's Court Act there must be cited upon a voluntary judicial settlement of the account of an executor " All devisees, all trustees of any trust created by the will, and all legatees, except such as by voucher and release acknowledged, or proved, and duly certified and filed, appear to have been fully paid."   All instruments releasing any interest in any estate or fund must be recorded by the surrogate (Surr. Ct. Act, § 16, subd. 6).   When an executor pays or offers to pay a legacy in advance of the making of a decree of distribution he is entitled to receive from the legatee a voucher and a release in form to be recorded.   While the statute does not prescribe the form of the instrument it should acknowledge the receipt of payment and provide for the release of  the paying

representative. Here the instrument which the executors requested the legatee to sign contained an acknowledgment of the receipt of the pecuniary legacy and interest thereon in addition to the specific article bequeathed to the legatee. It further stated that payment and delivery were in full satisfaction of the legatee's interest under the will. The final clause, which the legatee took exception to, released the executors from all claims and demands which she had or might have against them " by reason of any acts or matters done or omitted to be done by them as such Executors in connection with said estate." The instrument was not a general release. It did not release any other claim or demand which the legatee might have against the executors not arising under the will. It was limited to her interest under the will and the acts of the executors in relation to their administration of the estate. In my opinion the executors were within their rights in requiring the legatee to execute the same. While the legatee could not be called upon to deliver the release and receive payment later, her exception, taken to the decree for its failure to include interest on the legacy to its date, is not based upon that ground, but solely on the ground that she was not required to execute the instrument in the form sent her. In my opinion the form and content of the instrument were not objectionable and were authorized by the statute. The exception taken to the decree, in so far as it fails to provide for interest upon the legacy after the date upon which the executors offered to pay the same, is overruled and the proposed amendment providing for its inclusion is disallowed. Interest should be added to the legacies given the foreign legatees unless the same has been waived. Costs of the executors taxed in the sum of $283.50.